

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 1 1 2002

JAMES W. McCORMACK, Cl
By: _____ DEP C

LITTLE ROCK SCHOOL DISTRICT                                           PLAINTIFF

V.                         No. 4:82CV00866 WRW/JTR

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, ET AL.                                                DEFENDANTS

MRS. LORENE JOSHUA, ET AL.                                            INTERVENORS

KATHERINE KNIGHT, ET AL.                                              INTERVENORS

## ORDER

In a letter dated and delivered to me on October 1, 2002, counsel for Joshua requested that I modify or clarify: (a) various aspects of the compliance remedy contained in the September 13, 2002 Memorandum Opinion (the "Memorandum Opinion") declaring LRSD to be partially unitary; and (b) the role of Joshua and the ODM in performing future monitoring work in this case. Later that day, I entered an Order (docket no. 3680), stating that I intended to treat the letter as "a motion of some kind."[1] In a letter dated October 9, 2002, counsel for Joshua wrote me a "supplement" to their October 1, 2002 letter. Attached to this Order is a copy of the October 9 letter.

On October 7, 2002, LRSD filed its Response to Joshua's October 1, 2002 letter (docket no. 3681). Because I see no reason to await LRSD's Response to the matters raised in Joshua's

---

[1] A copy of the October 1 letter is attached to my Order.



October 9 letter, I will proceed to address the merits of the relief requested by Joshua's counsel in both of those letters.

As a threshold matter, I want to clarify how I view these two letters. On September 24 2002, Joshua filed a Substituted Motion for Reconsideration (docket no. 3678) requesting tha I clarify or modify many aspects of the Memorandum Opinion. Because both of Joshua's letter are seeking reconsideration of still other aspects of the Memorandum Opinion, I will treat thos letters as a "Supplement" to their Substituted Motion for Reconsideration and address in thi Order *only* those arguments raised in that "Supplement."[2] In the future, I think it will be best i all counsel file motions--not letters--raising any issues that they believe require my attention. should not be copied on general correspondence amongst counsel.

First, Joshua's counsel request that I clarify the monitoring obligations the Memorandur Opinion imposed on them with regard to LRSD's compliance with § 2.7.1 of the Revised Plar I shall do so.

In 1990, Joshua's counsel made the *commitment* to participate in a monitoring system t ensure that LRSD, NLRSD, and PCSSD complied with their desegregation obligations under th 1990 Settlement Agreement. *See* Memorandum Opinion at 34. Later, in approving tha Settlement Agreement, the Eighth Circuit recognized that counsel for Joshua were "the be defenders and guardians of the interests of their own clients." *LRSD v. PCSSD*, 921 F.2d 137 1386 (8th Cir. 1990). Between 1990 and 1998, Joshua's counsel participated in monitorin

---

[2]In a companion Order that I am entering contemporaneously with this Order, I hav addressed and rejected the arguments raised by Joshua in their Substituted Motion fo Reconsideration.

LRSD's compliance with the 1990 Settlement Agreement and the 1992 Desegregation Plan.[3] After Joshua and LRSD implemented the Revised Plan in 1998, Joshua's counsel entered into an agreement with LRSD to monitor its compliance with the Revised Plan, a task for which LRSD agreed to pay Joshua's counsel $48,333.33 per year.[4] Thus, for the last twelve years, Joshua's counsel have been involved with monitoring LRSD's compliance with its desegregation obligations.

In Section VII.A., B., and C. of the Memorandum Opinion, I outlined the Compliance Remedy LRSD must implement in order to comply with its remaining obligations under § 2.7.1 of the Revised Plan. Because I believe that Joshua's counsel have an ethical obligation and professional duty to monitor LRSD's compliance with its obligations under § 2.7.1, I provided a monitoring role for them in Section VII.D of the Memorandum Opinion. I intended for Joshua's counsel to continue to perform their monitoring role according to the *same procedure* they and LRSD have followed for many years in this case.

One could read the October 1, 2002 letter as suggesting that Joshua's counsel only intend to continue to monitor LRSD's compliance with § 2.7.1 of the Revised Plan if they are ordered to do so by me. I do not believe I can force Joshua's counsel to perform monitoring duties--something that I may have mistakenly assumed they wanted to continue to do. I will leave it up to Joshua's counsel to decide if they have an ethical duty and professional obligation to

---

[3] Judge Wright ruled Joshua's counsel were *not* entitled to receive attorney's fees for any monitoring work performed after the Eighth Circuit's approval of the 1990 Settlement Agreement (docket no. 2821). While that ruling was on appeal to the Eighth Circuit, LRSD voluntarily agreed to pay Joshua's counsel $700,000 for performing that monitoring work. *See* Memorandum Opinion at 33-35 and 38-44.

[4] *See* Memorandum Opinion at 42.

continue monitoring LRSD's compliance with its *sole remaining obligation* under the Revised Plan. I hope Joshua's counsel resolve that question in favor of continuing their long-standing commitment to monitoring LRSD's compliance with its desegregation obligations. However, since they complain about my expressly directing them to continue monitoring LRSD's compliance with § 2.7.1 of the Revised Plan--something I never expected to hear--I believe I must now modify Section VII.D. of the Memorandum Opinion to read as follows:

> Joshua *may* monitor LRSD's compliance with § 2.7.1 and, *if* they choose to do so, they should bring to the attention of LRSD, on a timely basis, *all* problems that are detected in its compliance with its obligations under § 2.7.1, as those obligations are spelled out in this Compliance Remedy. Thereafter, Joshua and LRSD *must* use the "process for raising compliance issues" set forth in § 8.2, *et seq.*, of the Revised Plan to attempt to resolve those compliance issues. If those efforts are unsuccessful, Joshua shall present the issues to me for resolution, as required by § 8.2.5. Any such presentation must be timely.

Regardless of whether Joshua's counsel continue to monitor LRSD's compliance with § 2.7.1, the ODM staff most certainly will continue their close monitoring of LRSD's compliance with that section of the Revised Plan. I have every confidence that the staff of the ODM will carefully monitor LRSD's implementation of the Compliance Remedy I have ordered under § 2.7.1 of the Revised Plan. If Joshua's counsel decide to continue with their monitoring role, which is independent from the monitoring work performed by the ODM, the preceding paragraphs of this Order make it clear that I expect them to follow the *same monitoring practices* they have followed for years in this case. I expect counsel for Joshua and LRSD to cooperate and work together to ensure that things go smoothly with regard to monitoring LRSD's implementation of its obligations under § 2.7.1. However, if actual disputes arise regarding monitoring, I will be available to resolve them.

Second, Joshua's counsel makes an unsupportable and speculative statement that certain *unspecified* "comments" in the Memorandum Opinion "indicated that [I] do not foresee or require a continued responsibility for monitoring of the intensity which the Court of Appeals for the Eighth Circuit required." This assertion simply is not true. I will expect and require the ODM staff to work hard every day to ensure that all three school districts fully comply with all of their remaining desegregation obligations. Of course, for LRSD, these obligations are now far less onerous than they have been in the past. Likewise, NLRSD has already been declared unitary with regard to several of its original desegregation obligations. In other words, while I will expect and require the

ODM staff to diligently and fully discharge their obligation to monitor the three school districts, the reality is they now have far fewer obligations.

Finally, in Joshua's counsel's October 9, 2002 letter, they request that I conduct a hearing to clarify the role of the ODM. I find there is no need for any requested clarification of the role of the ODM--much less for a hearing on that subject. I feature myself capable of directing the ODM staff in performing their ongoing duties as monitors. If I waiver in this belief, I may, at that time, call on counsel for suggestions. Of course, if Joshua's counsel determines that the ODM staff is *not* adequately discharging its monitoring duties, I would expect them to immediately file an appropriate motion.

In closing, let me repeat the comment I made in my companion Order addressing the merits of the arguments made by Joshua in their Substituted Motion for Reconsideration: "I have given this case my best shot, and, if counsel for Joshua or LRSD believe that I have erred, they should appeal my decision to the Court of Appeals for the Eighth Circuit." No more paper should

be wasted in asking me to reconsider aspects of my September 13 Memorandum Opinion or to clarify roles or responsibilities associated with the Compliance Remedy. That's my rulin'. If any party perceives error, that party should get its best hold and go to the Eighth Circuit.

IT IS THEREFORE ORDERED that Joshua's Supplement to their Substituted Motion for Reconsideration be and it is hereby DENIED.

IT IS FURTHER ORDERED that Section VI.D. of the Memorandum Opinion is modified to read as set forth, *supra*, at 4.

DATED this day 11TH of October, 2002.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 10/11/02 BY ___